IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY R. KINDLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 11-242-SLR ) |
| NURSE EDWELL, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of July, 2011, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the request for counsel (D.I. 6) is denied as moot, and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Jeffrey R. Kindle ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs and medical negligence.[1]

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

-3-

not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff injured his hand the evening of October 6, 2010. He informed a correctional officer who indicated that he would "let the nurse know." Plaintiff was seen by nurse Mark Warren who advised plaintiff he would be seen on the next shift. Plaintiff was seen by defendant nurse Edwell ("Edwell") the next morning. She examined plaintiff's hand, indicated that it "looked broken" and contacted defendant Dr. Louise Desrosiers ("Dr. Desrosiers") by telephone. Dr. Desrosiers ordered an x-ray and prescribed Tylenol for pain. Plaintiff was x-rayed early that afternoon. The x-ray technician stated to Dr. Desrosiers that plaintiff needed to be seen. Dr. Desrosiers examined plaintiff on October 14, 2010 and placed a "half cast" on the hand. Plaintiff wrote to the medical administrator that he had severe pain, throbbing, tingling, and needed to go to the hospital. He also submitted numerous sick call slips and grievances and made verbal complaints from October 14, 2010 until January 23, 2011. (D.I. 3, 4)

7. Exhibits submitted by plaintiff indicate that plaintiff saw a physician on November 11, 2010, and was told he would receive a brace because the soft cast no longer fit. Medical made attempts to obtain the splint on November 27, 2010, following plaintiff's submission of a sick call slip. When he did not receive the splint, plaintiff submitted a grievance for a surgical repair. Plaintiff received a wrist brace on December 17, 2010. Plaintiff was seen by Dr. Desrosiers on January 31, 2011 and she ordered physical therapy and a consultation. As of February 4, 2011, plaintiff had been x-rayed three times and progress notes indicated that his injury continued to be

monitored by a doctor. He was seen by an outside consultant on February 28, 2011 who did not recommend surgery. The physician noted that the fracture was healed, and neither a brace nor medication were needed. Plaintiff was advised to work on range of motion. Plaintiff alleges that the delay in treatment from October 2010 until January 2011 resulted in greater pain and disfigurement. (D.I. 3, 4, 5)

8. **Medical needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

9. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf.

*Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

10. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against defendants for deliberate indifference to a serious medical need. Rather, the complaint alleges that plaintiff received treatment, albeit not to his liking, and not as quickly as he would have liked. The allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need. The medical needs claim has no arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

11. **Supplemental jurisdiction**. Because the complaint fails to state a federal claim, the court declines to exercise jurisdiction over plaintiff's supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). *See also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, __U.S.__, 129 S.Ct. 1862, 1867 (2009) (noting abuse of discretion as the standard of review).

12. **Conclusion**. For the above reasons, the request for counsel is denied as moot. (D.I. 6) The complaint is dismissed as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1). The court declines to exercise supplemental jurisdiction. Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE